LEMMON, Judge,
concurring and assigning reasons.
The issue of prescription (or peremption) in this case is very tricky, because of the necessity of determining when the “disease first manifested itself”.[1]
In the Chivoletto case suit was filed three years after the employer had terminated the claimant for economic reasons, but within four months of the date claimant learned he had asbestosis. And in the La-Coste case the court found plaintiff was not disabled by silicosis and dismissed the action as of non-suit (annulling a dismissal with prejudice), noting that a cause of action for disability based on occupational disease does not accrue (and therefore the peremptive period does not begin to run) until the claimant becomes disabled by the disease.
In the present case the alternative claim under R.S. 23:1221(4)(p), a statute providing for benefits not based on disability, requires the determination of when the disease first manifested itself. When the rationale of the LaCoste case is applied, the peremptive period for plaintiff’s asserting a cause of action for compensation benefits did not begin when he learned he had contracted asbestosis, but was preserved as long as he remained in defendant’s employ and until he became disabled. And since he retired before becoming disabled “to do work of any reasonable character”, the beginning of the peremptive period for the cause of action under R.S. 23:1221(4)(p) is reasonably deemed to have accrued when he retired upon reaching mandatory retirement age.[2] Significantly, the employer sustains no detriment from the deferral of commencement of the peremptive period, because there is no dispute that the employee contracted the disease while working for this employer.
This plaintiff learned he had asbestosis in 1967 or 1969, and the disease progressed somewhat until 1971 when the employees in that plant began using masks. Although there was no significant progression thereafter and the level of hypoxia was not sufficient to cause significant symptoms or inability to work, general hypoxia does cause impairment. Under the overall circumstances plaintiff’s cause of action for this impairment, undoubtedly contracted while in defendant’s employ, was timely asserted.

. R.S. 23:1031.1 D provides in part:
“All claims for disablement arising from an occupational disease are forever barred unless the employee files a claim with his employer within four months of the date of his contraction of the disease or within four months of the date that the disease first manifested itself.” (Emphasis supplied)

. This view is logical. If a claim is cognizable under R.S. 23:1221(4)(p) in the case of an occupational disease which does not produce “disability to do work of any reasonable character”, then it would be unreasonable to require the employee to file a claim while he continues in the employment after discovery of the disease.
This case holds that such a claim is cognizable. The Chivoletto case did not make such a holding, because only the plaintiff had appealed from that award by the trial court. And, as noted in the Chivoletto case, the court in the LaCoste case did not consider the issue.